IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01694-EWN-BNB

ROBERT GILSTRAP,

Applicant,

v.

R. WILEY, Warden,

Respondent.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before me on the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** (the "Application"), filed August 28, 2006, by Robert Gilstrap (the "petitioner"). On September 8, 2006, the respondent was ordered to show cause why the Application should not be granted. The respondent filed an answer to the show cause order on October 6, 2006. On October 23, 2006, the petitioner filed a traverse. For the following reasons, I respectfully RECOMMEND that the Order to Show Cause be DISCHARGED and that the Application be DENIED.

### I. FACTUAL BACKGROUND

The material facts in this action are not disputed. The petitioner pled guilty in the United States District Court for the Western District of Washington to one count of conspiracy to import and possess ephedrine. He was sentenced to sixty-seven months in prison and three years of supervised release. The petitioner's projected release date is December 8, 2009. He currently is housed at a federal prison in Florence, Colorado.

The petitioner is challenging regulations of the United States Bureau of Prisons ("BOP") that prevent him from being placed in a Community Corrections Center ("CCC") prior to the last ten percent of his sentence. See 28 C.F.R. §§ 570.20, 570.21. As relief he seeks a declaration that the challenged BOP regulations are invalid and an order directing the BOP to consider in good faith his immediate placement in a CCC.

## II. THE STATUTORY AND REGULATORY FRAMEWORK GOVERNING CCC PLACEMENT

The BOP regulations codified at 28 C.F.R. §§ 570.21 and 570.21 are derived from two statutes. Pursuant to 18 U.S.C. § 3621(b), the BOP has the authority to designate the location of a federal prisoner's imprisonment. The BOP "may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau." 18 U.S.C. § 3621(b). In addition, the BOP at any time may "direct the transfer of a prisoner from one penal or correctional facility to another." Id. There are five factors the BOP must consider in making the initial placement designation and any transfer decisions. Those five factors are the following:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence –
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant

> to section 994(a)(2) of title 28.

Id.

The second statute that is relevant to the BOP regulations at issue in this action is 18 U.S.C. § 3624(c). Section 3624(c) directs the BOP to prepare prisoners for re-entry into the community near the end of their sentences. In relevant part, this statute provides as follows:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement.

18 U.S.C. § 3624(c).

Until December 2002, the BOP considered inmates for placement in a CCC for up to six months regardless of the length of their sentences. That policy changed on December 13, 2002, when the Office of Legal Counsel ("OLC") for the Department of Justice issued a memorandum concluding that this practice was unlawful. Based on the OLC memorandum, the BOP determined that it did not have general authority under § 3621(b) to place an inmate in a CCC at any time and that § 3624(c) limits placement in a CCC to the lesser of six months or ten percent of the inmate's sentence. In order to comply with the OLC memorandum, the BOP then began limiting placements in a CCC to the lesser of ten percent of an inmate's total sentence or six months.

Federal prisoners challenged the BOP's December 2002 policy change and two circuit courts, as well as a number of district courts, found that the December 2002 policy was contrary to the plain meaning of § 3621(b) because it did not recognize the BOP's discretion to transfer

an inmate to a CCC at any time. See Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004); Goldings v. Winn, 383 F.3d 17 (1st Cir. 2004). These courts reasoned that the time constraints in § 3624(c) limited only the BOP's affirmative obligation to place an inmate in a CCC at the end of the inmate's sentence and not the BOP's discretion under § 3621(b) to place an inmate in a CCC for a longer period of time. See Elwood, 386 F.3d at 846-47; Goldings, 383 F.3d at 28-29.

In response to Elwood and Goldings, the BOP adopted new regulations in February 2005 governing the placement of inmates in CCCs. See 28 C.F.R. §§ 570.20, 570.21. These are the regulations the petitioner is challenging here. The new regulations have the effect of imposing the same limitations on a prisoner's placement in a CCC. These regulations specifically provide as follows:

> **§ 570.20 What is the purpose of this subpart?**
> (a) This subpart provides the Bureau of Prisons' (Bureau) categorical exercise of discretion for designating inmates to community confinement. The Bureau designates inmates to community confinement only as part of pre-release custody and programming which will afford the prisoner a reasonable opportunity to adjust to and prepare for re-entry into the community.
>
> (b) As discussed in this subpart, the term "community confinement" includes Community Corrections Centers (CCC) (also known as "halfway houses") and home confinement.
>
> **§ 570.21 When will the Bureau designate inmates to community confinement?**
> (a) The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months.

> (b) We may exceed these time-frames only when specific Bureau programs allow greater periods of community confinement, as provided by separate statutory authority (for example, residential substance abuse treatment program (18 U.S.C. 3621(e)(2)(A)), or shock incarceration program (18 U.S.C. 4046(c)).

28 C.F.R. §§ 570.20, 570.21.

### III. ANALYSIS

I note initially that after this action was filed the United States Court of Appeals for the Tenth Circuit determined that the BOP's February 2005 regulations codified at 28 C.F.R. §§ 570.20 and 570.21 are not a valid interpretation of § 3621(b) and § 3624(c). See Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007). Therefore, the petitioner's claim challenging the same BOP regulations is moot. The only question remaining in this action is whether the petitioner is entitled to an order directing the BOP to consider in good faith his immediate placement in a CCC.

The respondent argues that the Application should be denied both because the petitioner failed to exhaust administrative remedies and because the petitioner's claim for good faith consideration of his immediate placement in a CCC is not ripe. The petitioner concedes that he has not exhausted administrative remedies, but he contends that the exhaustion requirement should be excused because exhaustion of administrative remedies would be futile. I need not resolve the exhaustion issue because, for the reasons discussed below, I find that the petitioner's claim for good faith consideration of his immediate placement in a CCC is not ripe.

The ripeness doctrine is "intended 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" New Mexicans for Bill Richardson v. Gonzales, 64 F.3d 1495, 1499 (10th Cir. 1995)(quoting Abbott Labs. v. Gardner,

387 U.S. 136, 148 (1967)). My determination of ripeness considers both whether the issue is fit for judicial review and the hardship to the parties of withholding judicial consideration. See id. "In determining whether an issue is fit for judicial review, the central focus is on 'whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all.'" New Mexicans for Bill Richardson, 64 F.3d at 1499 (quoting 13A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure, § 3532 at 112).

The respondent asserts that the petitioner's claim for good faith consideration of his immediate placement in a CCC is not ripe because, pursuant to BOP Program Statement 7310.04, an inmate's unit team will not make a CCC referral decision until eleven to thirteen months prior to the inmate's anticipated release date. I agree. The petitioner's anticipated release date of December 8, 2009, is outside the window for CCC consideration. As such, the petitioner's request for good faith consideration for immediate CCC placement involves uncertain future events that may not occur. Furthermore, I find that the petitioner will not face any hardship by the withholding at this time of judicial consideration of his claim. The petitioner does not challenge the validity of Program Statement 7310.04 in the Application and he does not address the respondent's ripeness argument in his traverse. Therefore, the Application should be denied without prejudice because the petitioner's request for good faith consideration of his eligibility for immediate CCC placement is not ripe.

For the reasons stated:

I respectfully RECOMMEND that the Order to Show Cause issued on September 8, 2006, be DISCHARGED and that the Application be DENIED without prejudice.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources, Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 19, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge